**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Julian J. Alexander, | Case No. 2:25-cv-01981-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Haylee Alvey, et al., | |
| Defendants. | |

Pro se Plaintiff Julian J. Alexander has filed a second application to proceed *in forma pauperis*. (ECF No. 5). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice. Because this is Plaintiff's second incomplete application, the Court will provide Plaintiff with one last chance to file a complete application and will require him to fill out the Long Form application rather than the Short Form.

**I.    Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her

poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg*., No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff's application is incomplete. Plaintiff leaves question 1 blank and question 2 partially blank. While it does not appear that Plaintiff is incarcerated and while Plaintiff's claim to make $0 per month in wages indicates that he is unemployed, Plaintiff must respond to the questions in a way that makes this clear and so that the Court does not have to guess. Plaintiff may not simply leave the questions blank.

In response to question 5, Plaintiff lists a vehicle, but does not describe its approximate value. Plaintiff must list the approximate value of the vehicle and any other assets. Plaintiff also describes his vehicle as a "secondary home," but does not explain this description. This explanation is particularly absent because, on the docket, Plaintiff lists an address and public records reveal that the address is a home.

Despite listing an address on the docket Plaintiff also does not indicate in response to question 6 whether he pays a rent or mortgage. Plaintiff's answer to question 6 is also incomplete because, while Plaintiff claims to have a monthly gas and phone bill, he does not provide the amount of these monthly expenses.

Plaintiff also responds to question 7 by naming a person who is dependent upon him. But Plaintiff writes "now deceased," next to that person's name, so it is not clear that he is contributing to their support. If Plaintiff is not contributing financially to a person's support, he

need not list them in response to question 7.  Plaintiff only needs to list individuals to whose support he is contributing financially.

Finally, in response to question 8, Plaintiff asserts that he is "not sure" whether he has any debts or financial obligations.  Plaintiff must do his best to determine whether or not he owes any debts.  He must also do his best to determine the amount of those debts and to whom they are payable.

Given these issues, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.  The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application on this Court's Long Form application.  *See Greco v. NYE County Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016) *report and recommendation adopted sub nom. Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016) (explaining that "when an applicant is specifically ordered to submit the Long Form, the correct form must be submitted *and* the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status") (emphasis in original).  The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.  Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application on the Court's Long Form.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.  Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **May 22, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Long Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: April 22, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.