**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Julian J. Alexander, | Case No. 2:25-cv-01981-CDS-DJA |
| Plaintiff, | |
| v. | **Order**<br>**and**<br>**Report and Recommendation** |
| Haylee Alvey, et al., | |
| Defendants. | |

On December 3, 2025, the Court denied Plaintiff's first application to proceed *in forma pauperis* (meaning, without paying the filing fee) because it was incomplete. (ECF No. 3). The Court gave Plaintiff until January 5, 2026, to file a renewed application. (*Id.*). When Plaintiff missed that deadline, the Honorable Cristina D. Silva, United States District Judge ordered Plaintiff to show cause why his action should not be dismissed for his failure to comply with the Court's order. (ECF No. 4). Plaintiff then filed a second application to proceed *in forma pauperis*. (ECF No. 5). The Court denied that second application for being incomplete. (ECF No. 7). In doing so, the Court explained that it would give Plaintiff "one last chance to file a complete application" and reiterated that Plaintiff must "fully answer all applicable questions and check all applicable boxes" and "may not respond with a zero or 'not applicable' in response to any question without providing an explanation for each of the questions." (*Id.*).

Plaintiff filed a timely third application to proceed *in forma pauperis* properly made on the Court's Long Form application. (ECF No. 8). But Plaintiff's application is still incomplete. Plaintiff has neither signed nor dated the affidavit in support of the application. He has also failed to fill out the portion of question 1 asking him to provide the income he expects to receive in the next month. Plaintiff responds to question 2, 3, and 4 with zeros, but does not provide further explanation in violation of the Court's prior order. Plaintiff leaves question 5 blank, which question asks whether Plaintiff has any items of value, including vehicles. But in his prior

application, Plaintiff claimed to own a 2008 Chevy Tahoe.  In response to question 6, Plaintiff claims that the U.S Treasury owes him money, but in the box intended for the amount, Plaintiff writes "n/a" without explanation.  Plaintiff also still lists a deceased individual as a dependent without explanation in response to question 7.   Plaintiff leaves many of the boxes blank in responding to question 8, without explanation.  Plaintiff also indicates in response to question 9 that he expects a major change in his monthly income, expenses, assets, or liabilities during the next twelve months.  But he does not describe that change on an attached sheet as required by that question.  As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status and Plaintiff has not complied with the Court's order that Plaintiff file a complete application to proceed *in forma pauperis*.  Because this was Plaintiff's third and final permitted attempt to file a complete application, the assigned magistrate judge denies Plaintiff's application to proceed *in forma pauperis* and recommends dismissing Plaintiff's case without prejudice.  A dismissal without prejudice allows Plaintiff to refile a case with the Court, under a new case number.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order.  Fed. R. Civ. P. 41(b).  In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with the Court's order to file a complete application to proceed *in forma pauperis*, the undersigned recommends dismissal of Plaintiff's case without prejudice.  *See* Fed. R. Civ. P. 41(b); *see* LR[1] IA 11-8(e) (providing that the Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on a party who fails to comply with any order); *see Pac. Harbor Capital, Inc. v. Carnival Air Lines,*

---

[1] This refers to the Local Rules of Practice for the United States District Court, District of Nevada, which can be found on the Court's website at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

*Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("an opportunity to be heard does not require an oral or evidentiary hearing on the issue…[t]he opportunity to brief the issue fully satisfies due process requirements").  The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to properly initiate this lawsuit impedes this goal.  The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to initiate this action and to comply with the Court's order.  The third factor weighs in favor of dismissal because the longer this case is carried on, the more difficult it will be for Defendants to defend against it because witnesses' memories will fade and evidence may be lost.  The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors.  Fifth, lesser sanctions are not available if Plaintiff will not comply with Court orders.  So, the undersigned recommends dismissing this case without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this report and recommendation.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that this case be **dismissed without prejudice.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that

(1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: May 20, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE